CURTIS E. DILLON
v.
DOUG WELBORN, CLERK OF COURT
No. 2009 CA 0531.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
CURTIS E. DILLON, Plaintiff/Appellant In Proper Person.
E. WADE SHOWS, JEFFREY K. CODY, Counsel for Defendant/Appellee Doug Welborn, Clerk of Court for East Baton Rouge Parish.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
Plaintiff, Curtis E. Dillon, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed suit against Doug Welborn, East Baton Rouge Parish Clerk of Court, alleging that Welborn overcharged him for fees associated with a number of lawsuits. Dillon submitted his petition against Welborn without the applicable filing fees or a motion and order to proceed in forma pauperis. On August 12, 2004, Dillon was ordered to either submit the applicable filing fee or complete the necessary forms to proceed in forma pauperis within thirty days or his suit would be dismissed. Dillon neither paid the fees nor sought to receive pauper status.
On December 12, 2008, Dillon submitted a motion to dismiss his suit without prejudice, stating that his suit had been stayed in accordance with the Prison Litigation Reform Act (PLRA) for the last three years while awaiting his payment of fees, and since he had not submitted payment, he was seeking to have his suit dismissed. The court signed the judgment dismissing Dillon's suit on December 18, 2008. Dillon then filed a Notice of Appeal, seeking to appeal the trial court's signing of his own motion to dismiss. The order attached to the Notice of Appeal was signed by the trial court on March 3, 2009, although the court did not indicate whether it was granting or denying the appeal.[1]
This court, on its own motion, issued a rule to show cause why the appeal should not be dismissed due to the fact that 1) Dillon moved to dismiss his own cause of action and therefore cannot appeal the dismissal, and 2) it is unclear whether the court granted or denied Dillon's appeal. Dillon responded by brief that he had moved to have his action dismissed because that was "the vehicle available to `finally' appeal the Court's implementation of the PLRA `STAY.'" Regarding the court's failure to indicate whether it was granting him an appeal, Dillon argues: "It is clear that Dillon was granted an appeal .... It is the custom of the 19th Judicial District Court to add in the order of appeal that the appeal brief is due `in accordance with law,' that being the `30' days allotted under appellate procedure."
We will first address his argument that he needed to dismiss his suit voluntarily to appeal the implementation of the PLRA stay. Louisiana Revised Statutes 15:1186 provides, in pertinent part:
A. (1) A prisoner who seeks to bring a civil action or file an appeal or writ application in a civil action without prepayment of fees or security must comply with all requirements for proceeding in forma pauperis except Code of Civil Procedure Article 5183(A)(2) and shall submit a certified copy of the trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application obtained from the appropriate official of each prison at which the prisoner is or was confined.
(2) If a prisoner brings a civil action or files an appeal or writ application in forma pauperis as authorized by Paragraph (A)(1), the prisoner shall still be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application.
(3) If a prisoner brings a civil action, files an appeal, or files a writ application in which the prisoner is not allowed to proceed as a pauper, the prisoner must pay the required costs in advance. If the prisoner does not pay the costs in advance, the civil action, appeal, or writ application shall be dismissed without prejudice. If the action is dismissed pursuant to this Paragraph, the filing of the suit shall not be considered an interruption of prescription for purposes of Civil Code Article 3463.
B. (1) After payment of the initial partial filing fee, as required by Paragraph (A)(2) of this Section, the prisoner shall be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds ten dollars until the filing fees are paid. In no event shall the filing fee collected exceed the amount of fees permitted by statute.
(2)(a) The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.
(b) If at any time during the pendency of the action additional costs of court or fees due the clerk by the prisoner accrue and are unpaid by the prisoner, then upon order of the court ex proprio motu or upon motion of the clerk or any other party, the action may be stayed as provided herein until all such additional costs are paid.
(c) If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice. This provision shall be operative without formal order, but, on the court's own motion or upon ex parte motion of any party, the clerk or other interested person by affidavit which provides that the full court costs and fees have not been paid within three years from when they were incurred, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Code of Civil Procedure Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Thus, in accordance with La. R.S. 15:1186(B)(2), the three-year automatic stay of proceedings applies only in cases where the prisoner is granted the right to proceed in forma pauperis. If a prisoner files a civil action in which he is not granted the right to proceed in forma pauperis, he must pay the court costs in advance or his suit will be dismissed without prejudice. Since Dillon did not seek pauper status in his suit, the three-year stay provided for in the PLRA was not applicable to his suit. Furthermore, there is nothing in the record that would indicate that the matter was stayed. The court's August 12, 2004 Order for Costs simply instructed Dillon to either pay the full advanced court costs of $195.00 or apply for pauper status within thirty days, or his suit would be dismissed. Dillon's assertion that a stay was implemented under the PLRA is unfounded.
Furthermore, Dillon voluntarily sought to have his suit dismissed. Under La. C.C.P. art. 2085, "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." Therefore, since Dillon voluntarily and unconditionally acquiesced in a judgment rendered against him, he cannot seek to appeal that judgment, and his appeal should be dismissed.[2]

DECREE
This appeal from the trial court's December 18, 2008 dismissal of Curtis Dillon's suit is dismissed. Costs of this appeal are to be borne by plaintiff, Curtis E. Dillon.
DISMISSED.
NOTES
[1] The Order attached to the Notice of Appeal stated: "It is hereby `ORDERED' that the foregoing Motion/Notice of Appeal is hereby GRANTED/DENIED and a return date of in accordance with law given to file briefs in this matter." The court did not strike through either GRANTED or DENIED, but simply signed and dated the Order.
[2] Since we have determined that Dillon's appeal should be dismissed due to his acquiescence in the judgment against him, we need not determine whether the trial court intended to grant him an appeal.